# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SYLVIA KYOBE, on behalf of A.K., | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) |
| WALMART, INC., a Delaware corporation, | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, SYLVIA KYOBE, on behalf of her minor daughter A.K., ("Plaintiff" or "A.K."), by and through her attorneys, Blaise & Nitschke, P.C., for her Complaint against Defendant WALMART, INC ("Defendant" or "Walmart"), a Delaware corporation. In furtherance whereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff, SYLVIA KYOBE, is bringing this case on behalf of her minor child, A.K., who is a female African American and was 15 years old at all times relevant hereto.

2. Defendant, WALMART, INC, is a Delaware corporation that is headquartered in Bentonville, Arkansas.

3. Defendant operates an extensive, multinational chain of retail and online commerce stores in all 50 U.S. states, and 24 countries, and generates billions of dollars in revenue every year.

4. At all times material to this Complaint, Defendant was the employer of the individuals whose conduct is detailed hereinbelow.

5. Defendant had actual or constructive knowledge of the acts of its employees, Evan Spies ("Spies") and David Howell ("Howell").

1

6. Defendant's employees were acting in the course and/or scope of their employment with Defendant in committing the conduct described in this Complaint.

7. As a result, Defendant should be held liable for the actions and/or omissions complained of herein on a *respondeat superior* theory of liability.

8. Spies and Howell are both male Caucasian-Americans.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case pursuant 28 U.S.C. § 1332 because no plaintiff shares a state of citizenship with any defendant, and the amount in controversy exceeds $75,000.00.

10. Plaintiff SYLVIA KYOBE, on behalf of her minor daughter A.K., is domiciled in Skokie, Illinois, and is therefore a citizen of Illinois for diversity purposes.

11. Defendant Walmart is a Delaware corporation that maintains its corporate headquarters at 702 SW 8th St., Bentonville, AR 72716.

12. Accordingly, Defendant is a citizen of both Delaware and Arkansas for diversity purposes.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events that gave rise to Plaintiff's claims occurred principally within this district.

## STATEMENT OF FACTS

14. A.K. is a female African American whose parents are Ugandan immigrants.

15. A.K. was 15 years old when the incident described in this Complaint occurred (hereinafter "Incident").

16. Defendant owns and operates the Walmart Supercenter located at 5630 W. Touhy Avenue, Niles, IL 60714 (hereinafter "Niles Walmart").

17. Prior to the Incident, A.K. was a frequent shopper at Niles Walmart.

18. Under 42 U.S.C. § 1981(a), Niles Walmart is a place of public accommodation. Defendant's Walmart store is also a place of accommodation under 775 ILCS 5/101(a).

19. On August 29, 2020, A.K. went to Niles Walmart to purchase jewelry and a gift bag for a friend's birthday party.

20. When A.K. entered Niles Walmart to shop, she had an item with her (a wig) that she had purchased elsewhere.

21. While A.K. was purchasing her items using a self-checkout station, she was confronted by Walmart employees Evan Spies and David Howell.

22. After confronting A.K., Spies and Howell began verbally berating her, accusing her of theft, while simultaneously pushing her towards a private room on the store's premises where they wrongfully detained A.K.

23. Once in the private room, Spies and Howell forcibly searched A.K.'s possessions and attempted to force A.K. to admit that she had committed theft by threatening to call the police if she did not do so.

24. A.K. denied Spies and Howell's accusations and provided her bank account transaction history via her mobile phone, which confirmed that she had purchased the items she had been accused of stealing.

25. After A.K. showed Spies and Howell this information, they allowed A.K. to leave.

26. During this altercation, Spies and Howell purposefully acted to block the security camera in the private room so that the video recording would not accurately reflect what actually occurred.

27. A.K. did not steal or attempt to steal anything from Niles Walmart.

28. Furthermore, during this altercation, Spies and Howell did not examine A.K.'s receipt of purchase, which would have immediately clarified that A.K. had not committed theft.

29. Walmart stores, including Niles Walmart typically have employees whose job is to examine patrons' receipts and items as they exit to ensure that theft has not occurred.

30. Had Spies and Howell had refrained from their unprovoked actions, A.K. could have verified with the Walmart "receipt checker" that she had not stolen any items during her visit.

31. On information and belief, Defendant's employees accused A.K. of theft, physically and verbally harassed her, and detained her based on her status as an African American of Ugandan descent.

32. As a result of this incident, A.K. suffered physical harm as well as significant mental and emotional harm that has manifested in post-traumatic stress, for which A.K. has sought and continues to seek treatment.

33. Furthermore, this Incident caused A.K. to be denied full and equal access to Defendant Walmart's store by infringing on her ability to engage in lawful commerce without unnecessary intimidation or harassment.

## COUNT I
## ASSAULT

34. Plaintiff realleges and incorporates paragraphs 1-33 of this Complaint.

35. Under 720 ILCS 5/12-1, assault occurs when an individual or individuals engage in conduct which places another in reasonable apprehension of receiving a battery without lawful justification.

36. The actions of Defendant's employees, Spies and Howell, constituted conduct that placed A.K. in reasonable apprehension of receiving battery, when Spies and Howell berated A.K.,

forced A.K. into a private room, unlawfully detained her, threatened her with criminal penalties, and baselessly accused her of theft.

37. Because of this reasonable apprehension of battery created by Defendant's employees, Plaintiff is entitled to compensatory, punitive, and other non-pecuniary damages.

## COUNT II
## BATTERY

38. Plaintiff realleges and incorporates paragraphs 1-37 of this Complaint.

39. Under 720 ILCS 5/12-3, battery occurs when an individual or individuals cause bodily harm to another or make physical contact with another that is of an insulting or provoking nature without sufficient legal justification.

40. The actions of Defendant's employees, Spies and Howell, created legally unjustified insulting and provocative physical contact with A.K. when Spies and Howell forcibly moved A.K. to the private detention room and detained her.

41. Because of this unjustified physical contact from Defendant's employees, Plaintiff is entitled to compensatory, punitive, and other non-pecuniary damages.

## COUNT III
## UNLAWFUL RESTRAINT
## (FALSE IMPRISONMENT)

42. Plaintiff realleges and incorporates paragraphs 1-41 of this Complaint.

43. Under ILCS 720 5/10-3, unlawful restraint occurs when an individual or individuals knowingly detain another without the legal authority to do so.

44. The actions of Defendant's employees, Spies and Howell, caused A.K. to be forcibly detained in a private room at Niles Walmart in an unjustified and unlawful manner.

45. Because of this unlawful restraint and detention, Plaintiff is entitled to compensatory damages, punitive damages, and other non-pecuniary compensation.

5

## COUNT IV
## KIDNAPPING

46. Plaintiff realleges and incorporates paragraphs 1-45 of this Complaint.

47. Under ILCS 720 5/10-1, kidnapping occurs when an individual or individuals knowingly and secretly confine another against their will.

48. The actions of Defendant's employees, Spies and Howell, constituted kidnapping because they knowingly confined A.K. in the private room at Niles Walmart.

49. This confinement was secret, because Spies and Howell forcibly and unilaterally confined A.K., without allowing A.K. to contact her family and/or law enforcement to alert them of her unlawful detention.

50. Because the actions of Spies and Howell constituted kidnapping, Plaintiff is entitled to compensatory damages, punitive damages, and other non-pecuniary compensation.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff realleges and incorporates paragraphs 1-50 of this Complaint.

52. To establish a claim of intentional infliction of emotional distress under Illinois law, plaintiffs must prove that:

    (1)    the defendant's conduct was extreme and outrageous;

    (2)    the defendant intended to cause emotional distress or was consciously aware of the potential to cause emotional distress;

    (3)    the plaintiff actually suffered severe emotional distress;

    (4)    the defendant's conduct was the actual and proximate cause of plaintiff's emotional distress

6

*See Public Finance Corp v. Davis*, 66 Ill. 2d 85 (1976) (established and clarified the elements for intentional infliction of emotional distress claims in Illinois).

53. The actions of Defendant's employees, Spies and Howell, constitute intentional infliction of emotional distress because their conduct was extreme and outrageous (and baseless), intentional, and was the actual and proximate cause of A.K.'s emotional distress.

54. Furthermore, the emotional distress A.K. suffered was severe, as evidenced by the fact that she has sought and continues to seek therapy for post-traumatic stress caused by the incident.

55. Because of this intentional infliction of emotional distress, Plaintiff is entitled to compensatory damages, punitive damages, and other non-pecuniary compensation.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *IN THE ALTERNATIVE*

56. Plaintiff realleges and incorporates paragraphs 1-55 of this Complaint.

57. To establish a claim of negligent infliction of emotional distress under Illinois law, plaintiffs must prove that:

    (1) the defendant owed the plaintiff a duty of reasonable care;

    (2) the defendant breached its duty of reasonable care;

    (3) the defendant's conduct was the actual and proximate cause of plaintiff's emotional distress;

    (4) the defendant's conduct caused the plaintiff severe emotional distress.

58. The actions of Defendant's employees, Spies and Howell, constitute negligent infliction of emotional distress.

59. As Walmart employees, Spies and Howell owed A.K. (an invitee) a duty of reasonable care.

60. By unlawfully detaining, harassing, and discriminating against A.K., Spies and Howell breached that duty.

61. Furthermore, this behavior was the actual and proximate cause of the emotional distress A.K. suffered.

62. That emotional distress was severe, evidenced by the fact that A.K. has sought and continues to seek therapy for post-traumatic stress caused by the incident.

63. Because of this negligent infliction of emotional distress, Plaintiff is entitled to compensatory damages, and other non-pecuniary compensation.

## COUNT VII
## NEGLIGENT SUPERVISION

64. Plaintiff realleges and incorporates paragraphs 1-63 of this Complaint.

65. To establish a claim of negligent supervision under Illinois law, plaintiffs must prove that:

    (1) the defendant had a duty to reasonably supervise its employee(s);

    (2) the defendant breached that duty by failing to reasonably supervise its employees;

    (3) the defendant failing to supervise its employees was the actual and proximate cause of the event or incident giving rise to plaintiff's claims

    (4) the defendant failing to supervise its employees caused damage to the plaintiff.

66. The actions of Defendant, by failing to adequately supervise Spies and Howell, constitute a breach of Defendant's duty to reasonably supervise its employees.

67. Furthermore, this failure to supervise was the actual and proximate cause of Plaintiff's claims, since Spies' and Howell's actions directly caused the claims elaborated and explained in this Complaint.

68. Lastly, this failure to supervise caused A.K. to be subjected to assault, battery, unlawful restraint, kidnapping, and severe emotional distress.

69. Because of this negligent supervision and the offences and torts it enabled, Plaintiff is entitled to compensatory damages, and other non-pecuniary compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SYLVIA KYOBE, on behalf of her minor daughter A.K., by and through her attorneys, prays this Honorable Court enter judgment in favor of Plaintiff and against Defendant, in an amount to be proven at trial, in excess of $75,000.00, and such other relief as the Court deems just, proper, and equitable, including but not limited to compensatory damages, consequential damages, punitive damages, nonpecuniary compensation, costs and expenses of suit, such reasonable attorneys' fees as the law may permit, and such other and further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all matters so triable.

Dated: June 22, 2022

Respectfully submitted,
SYLVIA KYOBE

By: /s/ *Michael T. Sanderson*
Michael T. Sanderson, Esq.
Blaise & Nitschke, P.C.
145 S. Wells Street, Suite 1800
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
msanderson@blaisenitschkelaw.com
ARDC No. 6327542
*Attorney for Plaintiff*